**John D. SELLERS, Appellant,**

v.

**Catherine H. SELLERS, Appellee.**

**No. 3165.**

District of Columbia Court of Appeals.

Argued Jan. 27, 1964.

Decided Feb. 28, 1964.

Rehearing Denied March 18, 1964.

———◆———

Albert N. Lobl, Washington, D. C., for appellant.

Josiah Lyman, Washington, D. C., for appellee.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

MYERS, Associate Judge.

In 1961 appellee wife filed a complaint against appellant husband in which she sought custody of their minor children and maintenance for them and for herself. Although personally served, appellant took no legal steps to defend and as a result a default was entered against him.[1] After *ex parte* proof, judgment was entered on February 26, 1962, directing appellant to pay $250 a month for the support of his wife and children, plus a counsel fee for the wife's attorney.

On April 16, 1962, the wife filed a motion for contempt alleging that appellant had failed to comply with the order of the court and was in arrears in the amount of $375. On April 25, 1962, following a hearing at which the husband was present, the court entered an order adjudicating appellant in

1. The prayer for custody was withdrawn as there is no procedure for default in divorce, annulment or custody cases. Rule 6(c), Domestic Relations Branch.

contempt and committing him to jail unless he paid the arrearages on or before May 14, 1962. On this latter date, without leave of court, appellant filed an answer and a counterclaim, and, under protest, paid to the Chief Clerk of the Domestic Relations Branch [2] the arrears of $375. On the same date he also filed motions to set aside and vacate the judgment as void and for relief from final judgment, together with his answer to the contempt motion. Appellee filed motions in opposition thereto and moved to have the payment of $375 transferred to her.

After a hearing, with both parties and their attorneys in attendance, the trial judge overruled all motions by appellant and directed the transfer of the support arrears to appellee. From these orders, this appeal was taken by the husband.

Without attempting to detail the evidence and procedure beyond that set forth in the preceding paragraph, we are of the opinion that the evidence in the record afforded a substantial basis for the action of the trial judge in overruling the various motions submitted by appellant, and we find no abuse of the broad discretion vested in the trial judge to provide for and enforce adequate maintenance for the wife and minor children.

Affirmed.

2. Throughout the record and in the pleadings it is stated that this money was paid to the "Registry of Court," resulting apparently from a misunderstanding and confusion as to payments made into the Registry of Court and payments to and through the office of the Chief Deputy Clerk of the Domestic Relations Branch. Rule 11 of that Branch authorizes the Chief Deputy Clerk, when directed, to receive and disburse to persons entitled thereto all moneys due and payable under any order of the court for maintenance, alimony, support, care and education. One the other hand, Rules 67 and 68 of the Civil Division of the District of Columbia Court of General Sessions provide for deposit of funds with the court for certain other purposes—(formerly by authority of § 11–734, D.C. Code, 1961 edition, now omitted in the text of Part II, D.C.Code (Judiciary and Judicial Procedure), an Act of Congress of December 23, 1963.) Rule 87 of the Civil Division provides that there shall be a 1% charge for handling the money deposited into the Registry of Court, whereas there is no fee for handling support funds through the office of the Chief Deputy Clerk of the Domestic Relations Branch.